LEIGH M. CLARK, Retired Circuit Judge.
Appellant was indicted and tried for murder. A jury found him guilty of manslaughter. The court fixed punishment at imprisonment for ten years, the minimum punishment for manslaughter, in accordance with the criminal code, Code of Ala. 1975, Tit. 13A, effective January 1, 1980.
The indictment charged in material and pertinent part that defendant “did intentionally cause the death of another person, Charles Paul Hart, by shooting him with a pistol, in violation of § 13A-6-2 of the Code of Alabama.” Code § 13A-6-2(a)(l) states as one of the three essential hypotheses of murder:
“A person commits the crime of murder if:
“With intent to cause the death of another person, he causes the death of that person or of another person; or

The undisputed evidence, which included testimony of the defendant, showed that the alleged victim was killed by a bullet from defendant’s pistol that was in defendant’s hand at the time with a middle finger on the trigger. The victim and defendant were facing each other, and the bullet penetrated the front of the head of the victim. The incident occurred in the parking lot of Cher’s Lounge on the night of February 22, 1980. Defendant was a customer of the lounge and had drunk some beer. The victim had been in the lounge as a customer but had had an altercation with, and had been ousted by, the doorman, also referred to in the evidence as “a bouncer.”
Defendant’s testimony was to the effect that the victim was approaching him, threatening to whip him and cut his head off, that he became scared, stumbled, lost his balance and fired. He then became panicky, left hurriedly in his truck, went to *275 Tennessee and returned about three days thereafter. He then surrendered to the authorities.
The case was submitted to the jury as to the express charge of murder, the crime of manslaughter and the crime of criminally negligent homicide, which, according to § 13A-6-1 through § 13A-6-4 of the Criminal Code, now constitute three kinds of unlawful homicide, replacing the theretofore existing crimes of murder in the first degree, murder in the second degree, manslaughter in the first degree and manslaughter in the second degree.
The only contention of appellant is that “Alabama Code § 13A-2 — 2(3) is violative of the due process clauses of the Constitution of the United States and of the Constitution of Alabama because it is vague and uncertain as to its meaning.” Code § 13A-2-2(3) provides:
“The following definitions apply to this Criminal Code:
“(1) INTENTIONALLY. . . .
“(2) KNOWINGLY....
“(3) RECKLESSLY. A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standards of conduct that a reasonable person would observe in the situation. A person who creates the risk but is unaware thereof solely by reason of voluntary intoxication, as defined in subdivision (e)(2) of section 13A-3-2, acts recklessly with respect thereto.
“(4) CRIMINAL NEGLIGENCE.
In its oral charge, the court included plenary instructions as to murder, manslaughter and criminally negligent homicide and made it clear to the jury that it was for the jury to decide the guilt or innocence of the defendant and if he was guilty whether he was guilty of any one of the three kinds of unlawful homicide. In charging upon the subject of manslaughter, the court quoted almost exactly the language of Section 13A-2-2(3), the only exception being that it omitted the phrase “as defined in subdivision (e)(2) of section 13A-3-2” of the last sentence thereof. Furthermore, the court did not instruct the jury as to the definition of voluntary intoxication that is found in subdivision (e)(2) of § 13A-3-2. However, no point seems to be made by appellant to the effect that the trial court should have instructed the jury as to such definition of voluntary intoxication.
We understand that the major thrust of appellant’s contention is to the effect that by applying § 13A-2-2(3) to manslaughter, the defendant was deprived of what might otherwise have been a benefit, in the view of the jury, of a finding that defendant was guilty of criminally negligent homicide. There would be considerable force to such contention if the section defining criminally negligent homicide, § 13A-6 — 4, had not been amended prior to its effective date, and prior to the commission of the alleged crime, by expunging therefrom one of the two kinds of criminally negligent homicide therein defined:
“(a) A person commits the crime of criminally negligent homicide if:
“(1) ...;
“(2) He intentionally or recklessly causes the death of another person in the good faith but unreasonable belief that one or more grounds for justification exists under Article 2 of Chapter 3 of this Title.

As thus amended, § 13A-6 — 4 sets forth only one kind of criminally negligent homicide. It states simply, “A person commits the crime of criminally negligent homicide if he causes the death of another person by criminal negligence.” We do not fail to see some uncertainty and confusion arising from the change in the language of the statutory law pertaining to unlawful homicide, notwithstanding the efforts made to prevent it in the process of adoption and *276 effectuation of the new criminal code, but we fail to see any unconstitutionality in § 13A-2-2(3) now under attack. To some extent appellant is supported in his contention as to the ambiguity and vagueness of the statutory law on the subject by the fact that the jury asked to be, and were, rein-structed thereon three times by the court.
We are persuaded that the jury was not caused by the language of § 13A-2-2(3), as stated by the court to the jury, to render a verdict that defendant was guilty of manslaughter nor influenced thereby not to render a verdict that he was guilty of criminally negligent homicide.
Aside from any question as to whether the question of the constitutionality of § 13A-2-2 has been properly raised and as to whether it could be so applied in some cases as to adversely affect the constitutionality or validity of a defendant’s conviction, we conclude that appellant’s contention is not well taken, that he has not been deprived of any constitutional right as claimed and that he has not been harmed by § 13A-2-2 or by the court’s instruction based thereon.
Appellant’s argument in support of his contention as to the ambiguity and vagueness of § 13A — 2-2 is consistent with the view expressed by his counsel in one of the two exceptions taken to the court’s oral charge at the conclusion thereof and just before the case was first submitted to the jury for its consideration. The exception was:
“MR. MORRIS: Yes, sir. We except to two aspects of the Court’s Oral Charge. First, the Court instructed the Jury that if an act was done under intoxication that it was a reckless act. That would be misleading and not consistent with the charge that he gave as a definition of reckless.”
Notwithstanding the obvious sincerity of counsel both on the trial and here as to what they understood the court to say and as to what they understood to be the implication of what the court said, we do not find that the court in any of its charge to the jury ever said “that if an act was done under intoxication that it was a reckless act.”
We have searched the record for error prejudicial to defendant and have found none. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.